

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDEN MAYA #2005-0074699,  )
                          )
            Plaintiff,    )
                          )
     v.                   )    No.  08 C 2235
                          )
TOM DART, et al.,         )
                          )
            Defendants.   )

MEMORANDUM ORDER

Eden Maya ("Maya") has just filed a 42 U.S.C. §1983 ("Section 1983")[1] Complaint against Cook County Sheriff Tom Dart and Cook County Department of Corrections ("County Jail") Director Salvador Godinez, using the form provided by the Clerk's Office for use by persons in custody and filling in the requested information in handwriting. Complaint ¶IV explains that Maya suffered a "serious sexual violent assault to my person on 12/6/07 while in Division 10-2A" and complains that insufficient action has been taken against the fellow County Jail detainee who committed that action. This Court has conducted the screening called for by 28 U.S.C. §1915A(a),[2] and it finds that the

---

[1] At the outset it should be made plain that nothing said here questions what Maya has alleged. On the contrary, this Court not only credits Maya's factual assertions as true (as it must for present purposes) but is appalled by his having been the victim of such an attack and shares his view that it should be determined whether it can become the subject of appropriate criminal action.

[2] All references to provisions in Title 28 will also take the form "Section --," omitting the prefatory "28 U.S.C." That usage should create no confusion with the Title 42 reference just

Complaint and this action must be dismissed for more than one reason.

But before this memorandum order turns to that subject, Section 1915 controls the handling of Maya's In Forma Pauperis Application ("Application") that he has filed together with his Complaint. Section 1915(b)(1) provides for the granting of the Application to the extent that Maya is not required to pay the entire $350 filing fee <u>in advance</u>--instead he is liable for the entire fee, but it is to be paid on an installment basis.

In accordance with Section 1915(b)(1), this Court has calculated that the average monthly deposits to Maya's trust fund account at the County Jail during the six month period ending April 15, 2008 (a printout of which account accompanied the Application) came to $44.17, so that the required initial payment on account of the filing fee is 20% of that figure or $8.83. Accordingly the fiscal officer at the County Jail is ordered to remit that amount payable to the "Clerk of the District Court" forthwith, mailed to the following address and with Maya's name and Case No. 08 C 2235 identified on the check:

> 219 South Dearborn Street
> 20th Floor
> Chicago IL 60604
>
> Attention:  Fiscal Department

After such payment, the trust fund officer at the County

---

set out in the text.

2

Jail (or at any other correctional facility where Maya may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All future payments shall also identify Maya's name and the 08 C 2235 case number. To implement these requirements, the Clerk shall send a copy of this order to the County Jail trust fund officer.

Now to the merits of Maya's claim. Although the Complaint was just received in the Clerk's Office on April 18, Maya's signature has been dated almost a month earlier (on March 25, 2008)--indeed, the Application had been signed by him back on March 5 and the Certificate by the County Jail officer regarding his trust fund account was dated March 11.[3] Maya's Detainee Grievance had been dated February 17, 2008, with an institutional receipt date of February 21. Relatedly, the County Jail's Referral and Response Statement reflects that the matter was being investigated as a potential criminal case in early March, and Maya's March 6 request for an appeal was rejected on April 1

---

[3] Those delays are puzzling, because the printout covering his trust fund account (referred to earlier in this order) had an April 15 print date, so that the April 18 receipt of Maya's papers in the Clerk's Office was not caused by any delays on the part of the institution in the handling of Maya's outgoing mail.

3

based on the statement that the matter was "under investigation."

But such modest delays for investigative and similar reasons do not at all qualify as constitutional violations. It is plain that Maya does not understand that the investigation of criminal offenses, which must be followed by action by the Cook County State's Attorney (not the function of Sheriff Dart or Director Godinez), takes a substantial amount of time. Nothing that he has asserted, as horrendous as the triggering event of the sexual assault may be, establishes a claim of cruel and unusual punishment or a violation of Maya's rights to due process or equal protection--the three constitutional hooks on which he seeks to hang his Section 1983 claim.

In fact, even if that were not so (and that deficiency alone is enough to require dismissal), Maya's action must fail for a separate and independent reason: 42 U.S.C. §1997e(a) makes the exhaustion of all administrative remedies a precondition to the bringing of any lawsuit by a person in custody. Maya has not satisfied that requirement--a second ground for dismissal.

For more than one reason, then, the Complaint and this action must be dismissed, and this Court so orders.[4] But as stated earlier, Maya has continuing responsibility for payment of the filing fee, and a copy of this memorandum order is being sent

---

[4] This dismissal constitutes one "strike" for purposes of Section 1915(g).

4

to the County Jail authorities for purposes of their submitting both the initial payment toward that fee and the further payments called for here.

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date:  April 22, 2008