```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

EDEN MAYA #2005-0074699,            )
                                    )
                Plaintiff,          )
                                    )
    v.                              )    No.  08 C 2235
                                    )
TOM DART, et al.,                   )
                                    )
                Defendants.         )

<u>MEMORANDUM ORDER</u>

This Court's April 22, 2008 memorandum order ("Order") dismissed the pro se Complaint and this action that had been filed by Eden Maya ("Maya"), in which Maya asserted claims of constitutional deprivations for which he sought relief under 42 U.S.C. §1983.[1]  Nothing in the Order dealt with the merits of Maya's claim--instead dismissal was compelled because of his failure to have exhausted all available administrative remedies, which Section 1997e(a) makes a precondition to the institution of any prisoner action.

This Court's current printout of pending motions in cases assigned to its calendar has revealed two filings by Maya that had not found their way to this Court's chambers:  On May 5 Maya filed a document headed "Leave To Amend Original Complaint and Stay Proceedings," and on May 14 Maya filed a letter explaining that he was about to be transferred to Stateville Correctional

---

[1] All further references to Title 42's provisions will simply take the form "Section--."

Center within a few days. For the reasons briefly stated hereafter, neither of the requests set out in the first of those filings will be granted.

As for any proposed amendment to the original Complaint, a motion to do so in an already dismissed lawsuit may not properly be entertained. If instead the motion is treated as a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment of dismissal (something that this Court might well do in light of the generous reading of pro se filings prescribed by <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)(per curiam)), the question merges into the one addressed in the next paragraph.

From a substantive point of view, Maya's request for a stay of indeterminate duration--the equivalent of the issuance of a blank check--is beyond the pale. It is Maya's obligation to have pursued all available administrative remedies on his own. If any such remedies are still available, Maya need only exhaust them, after which Section 1997e(a) will drop out of consideration (and in that respect Maya is under no danger of losing a still-available claim, given the two-year limitation period applicable to Illinois-based Section 1983 claims). But if no such remedies now remain available because of Maya's delinquency in having pursued his rights administratively, it is not this Court's role to preserve any such lapsed claims by giving him the benefit of an early filing date that he has not earned.

Accordingly Maya's motion for leave to amend the original Complaint and to stay further proceedings in this already-terminated action is denied in its entirety. Nothing further remains for this Court's consideration.

_____
Milton I. Shadur
Senior United States District Judge

Date:  May 29, 2008